Douglas S. Baek (SBN: 258321)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: (323) 988-2400 ext. 244
Fax: (866) 829-5083
dbaek@consumerlawcenter.com
Attorney for Plaintiff,
ZACHARY CRAWFORD

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| ZACHARY CRAWFORD, ) | Case No.: **'13 CV 1328 BTM RBB** |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S COMPLAINT** |
| v. ) | |
| ) | |
| DYNAMIC RECOVERY SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, ZACHARY CRAWFORD ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, DYNAMIC RECOVERY SERVICES, INC., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq*.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Vista, San Diego County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Farmers Branch, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Wells Fargo Bank.

12. Plaintiff's alleged debt owed to Wells Fargo Bank arises from transactions for personal, family, and household purposes.

13. Defendant placed collection calls to Plaintiff's cell phone, (707) 540-xxxx, in an attempt to collect a debt from Plaintiff.

14. Defendant left voice messages for Plaintiff, asking him to return the call to 800-886-8088, a number belonging to Defendant.  *See* Exhibit A.

15. In or around March of 2013, Defendant left multiple voice messages for Plaintiff and threatened to disclose Plaintiff's debt to Plaintiff's commanding officer in the military. *See* Exhibit A.

16. Defendant also failed to inform Plaintiff that it is a debt collector.  *See* Exhibit A.

17. Defendant uses false, deceptive, and misleading representations, and unfair and unconscionable means, in connection with its attempts to collect the alleged debt by not disclosing the true purpose of its phone call, by not disclosing that it is a debt collector, and by threatening to disclose Plaintiff's debt to Plaintiff's commanding officer which Defendant is prohibited from doing.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Defendant violated the FDCPA based on the following:

    a.   Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

    b.   Defendant violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    c.   Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or the collector does not intend to take, in particular, Defendant threatened to disclose the debt to Plaintiff's commanding officer in the military.

    d.   Defendant violated § 1692e(11) of the FDCPA by failing to disclose that its communication was from a debt collector.

    e.   Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt, in particular, Defendant threatened to disclose the debt to Plaintiff's commanding officer in the military.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, ZACHARY CRAWFORD, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SERVICES, INC., for the following:

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

21. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

23. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq. to wit: Sections §§ 1692d, 1692e, and 1692f.

WHEREFORE, Plaintiff, ZACHARY CRAWFORD, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SERVICES, INC., for the following:

24. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b).

25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

26. Any other relief that this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, ZACHARY CRAWFORD, demands a jury trial in this case.

DATED:  June 7, 2013             RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By: /s/ Douglas Baek

Douglas Baek
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT