UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY CRAWFORD,<br><br>       Plaintiff,<br><br>   v.<br><br>DYNAMIC RECOVERY SERVICES, INC.,<br><br>       Defendant. | Case No.: 13cv1328 BTM (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On October 18, 2013, Plaintiff Zachary Crawford moved for entry of default judgment against Defendant Dynamic Recovery Services, Inc. For the reasons discussed below, Plaintiff's motion is GRANTED.

**BACKGROUND**

Plaintiff filed a complaint against Defendant on June 7, 2013, alleging that Defendant attempted to collect a debt by leaving multiple voice messages for Plaintiff threatening to disclose Plaintiff's debt to his commanding officer and failing to

1

identify itself as a debt collector thereby violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practice Act ("Rosenthal Act"), Cal. Civ. Code § 1788, et seq. (Doc. 1; Plaintiff's Compl. ¶¶ 11-26 ). The complaint seeks a judgment of $2,000.00 in statutory damages plus reasonable attorney's fees and costs. The proof of service indicates that a summons and copy of the complaint was served on Ray Davison, who is designated by law to accept service of process on behalf of Defendant, on June 18, 2013 at 12:00 p.m. (Doc. 3).

Defendant has thus far failed to respond and no attorney has entered any appearance on Defendant's behalf. On July 23, 2013, the Clerk filed an entry of default against Defendant. (Doc. 8). Plaintiff now moves for default judgment in the amount of $5,496.00. (Doc. 10). The attached proof of service shows that on October 18, 2013, the motion papers were mailed to Defendant at Dynamic Recovery Services, Inc. 4101 McEwen Road, Suite 150, Farmers Branch, Texas 75244. (Doc. 10).

## **LEGAL STANDARD**

Fed. R. Civ. P. 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." When a

plaintiff's claim is not for a sum certain, the plaintiff "must apply to the court for a default judgment."

Default does not automatically entitle a plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The court has discretion to grant or deny relief based on:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26.).

"A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986) (citing Fed R. Civ. P. 55). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.1987) (citation omitted). Thus, Plaintiff must prove damages. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). However, the

judgment may "not be different in kind or exceed in amount that prayed for in the [complaint]." Fed R. Civ. Pro. 54(c).

## ANALYSIS

The Court finds that Defendant has failed to plead or otherwise defend against Plaintiff's complaint and that Defendant was properly served with the complaint on June 18, 2013 and the motion for default judgment on October 18, 2013. Accordingly, the Court holds that Defendant has defaulted and accepts Plaintiff's allegations as true. Televideo Sys., Inc., 826 F.2d at 917-18.

Plaintiff's allegations constitute violations of the FDCPA and the Rosenthal Act, which prohibit "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 16 U.S.C. § 1692d; "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "failure to disclose in subsequent communications that the communication is from a debt collector," § 1692e, e(5), e(11); and "use [of] unfair or unconscionable means to collect or attempt to collect any debt," § 1692f. See also Cal. Civ. Code § 1788.17 (Rosenthal Act is inclusive of the FDCPA); Crockett v. Rash Curtis & Assocs., 929 F. Supp. 2d 1030, 1033 (N.D. Cal. 2013) ("A claim for violation of Rosenthal Act Section 1788.17

4

simply requires showing that a defendant violated any of several provisions of the FDCPA.").

Having determined that Plaintiff has established a claim under the FDCPA and the Rosenthal Act, the Court must determine if Plaintiff is entitled to judgment and, if so, in what amount. The Court looks to the <u>Eitel</u> factors and finds that (1) a failure to render judgment would leave Plaintiff without a remedy and thereby prejudice Plaintiff, (2) that Plaintiff's claim has merit and (3) is supported by a complete and sufficient complaint, (4) that the sum of money at stake in this action is substantial but is supported by the facts of the case and is not so unreasonable as to be unfairly prejudicial to Defendant, (5) that Defendant has taken no action to show that it disputes the material facts as alleged by Plaintiff or (6) that its failure to do so is the result of excusable neglect, and (7) that this Court cannot reach a decision on the merits in this case in light of Defendant's failure to appear and defend against Plaintiff's claim.  <u>See</u> <u>Eitel</u>, 782 F.2d at 1471-72. These factors weigh in favor of granting Plaintiff's motion for default judgment.

First, Plaintiff is entitled to statutory damages totaling $2,000.00. Under the FDCPA, a debt collector is liable to an individual plaintiff for "additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(a). "In determining the amount of liability," courts look to "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the

5

extent to which such noncompliance was intentional." Id. at § 1692k(b)(1). Under the Rosenthal Act, a "debt collector who willfully and knowingly violates" the Act is liable to an individual plaintiff "for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b). Accepting the allegations as true, the Court finds that Defendant's conduct, particularly the threat to reveal Plaintiff's debt to his commanding officer, was of a particularly culpable nature - exactly the kind of abusive conduct the FDCPA was designed to deter. See 15 U.S.C. § 1692(a). The Court also finds that such conduct was done "willfully and knowingly" in violation of the Rosenthal Act. Accordingly, the Court awards the maximum statutory damage of $1,000.00 under both statutes for a total of $2,000.00 in statutory damages.

Second, Plaintiff is also entitled to reasonable attorney's fees and costs as the prevailing party. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c); see also Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a private attorney general approach to assume enforcement of the FDCPA." (internal quotation marks and citations omitted)). When calculating an award for attorney's fees, courts use the "lodestar" method, which "is calculated by multiplying the number of hours the prevailing party reasonably

expended on the litigation by a reasonable hourly rate." Camacho, 523 F.3d at 978 (citations omitted).

Plaintiff seeks to recover attorney's fees for Douglas Baek at a rate of $285.00 per hour for 4.9 hours; attorney's fees for Rory Leisinger at a rate of $285.00 per hour for 5.2 hours; and fees for work by paralegals at $145.00 per hour for 1.5 hours. (Plaintiff's Exhibit Statement of Services). Looking to the attached declarations, the Court notes that Rory Leisinger had been practicing law for approximately two years and Douglas Baek had been practicing law for approximately five years when working on this case in 2013. (Decl. of Attorneys).

Mr. Baek notes that he was recently awarded an hourly rate of $285.00 in another FDCPA case: Anna Vardanyan v. CMRE Financial Services, Inc., 8:11-cv-01474-JVS-JCG (C.D. Cal. February 11, 2013). (Decl. of Attorneys).

Plaintiff has attached both the 2013 Laffey Matrix[1] and the 2010-11 United States Consumer Law Attorney Fee Survey Report ("Attorney Fee Survey") in support of their argument that the fees sought are reasonable. The 2013 Laffey Matrix suggests hourly rates of $145 for paralegals, $245 for attorneys with 1-3 years of experience, and $290 for attorneys with 4-7 years of experience. (Plaintiff's Ex. N).

---

[1] The Laffey Matrix is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia and charts the hourly rates for attorneys with varying levels of experience. The Matrix is intended to be used in cases in which a fee-shifting provision allows a party to recover reasonable attorney's fees. Rates are based on legal fees in the D.C.-Baltimore area.

The Attorney Fee Survey provides average hourly rates of $237 for California consumer law attorneys with 1-3 years of experience and $347 for California consumer law attorneys with 3-5 years of experience. (Plaintiff's Ex. M).

Based on Plaintiff's declarations and exhibits, the Court concludes that the attorney's fees sought by Plaintiff's counsel are similar to those charged in the legal community for similar cases and therefore reasonable.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment in the amount of $5,496.00.

IT IS SO ORDERED.

Dated: January 10, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

8